CUMBERLAND MARINE RAILWAY *versus* CITY OF PORTLAND.

The Act incorporating the Cumberland Marine Railway authorized the company to hold personal and real estate, and required that the *whole property* should be divided into shares, and that such *shares* should be considered in all respects as *personal estate.* — *Held*, that under the provisions of R. S., c. 14, § 51, and laws of 1845, c. 159, § 10, the *real estate* belonging to the company is liable, *as such*, to taxation.

ON FACTS AGREED.

ASSUMPSIT for money had and received.

The writ was dated Nov. 22, 1845.

The plaintiff corporation was incorporated in 1834, and by the third section of the Act, it was provided "that the whole property of said corporation shall be divided into shares of such number as the corporation shall hereafter direct, and said shares shall be considered in all respects as personal estate."

It was authorized to hold personal and real estate.

In 1836, certain real estate in Portland was conveyed by deed to the said company, of which they took possession, and have continued to hold the same, and on which taxes were assessed to the company by the city of Portland, for the years 1843, 1844, and 1845.

The taxes were rightfully assessed if said estate was lia-ble to assessment as real estate.

These taxes were discharged, Nov. 15, 1845, under pro-test, to save a forfeiture of the estate taxed; and to recover back the money so paid, this action was instituted.

*W. P. Fessenden,* for defendants.

The property was taxable as real estate. R. S., c. 14, § 51. The case in 21 Maine, 533, is not therefore sound law. The statute then in force was overlooked. Stat. 1838, c. 313.

*Shepley & Dana,* for plaintiffs.

RICE, J. — This is an action to recover back money paid for taxes assessed by defendants on plaintiff corporation, in the years 1843, '4 and '5. Said taxes were paid under protest, to prevent a forfeiture of the land taxed.

It is admitted that the taxes thus paid were legally as-sessed to said company if the estate was liable to assess-ment as real estate.

Section 3 of the charter of said company provides, that the whole property of said corporation shall be divided into shares of such number as the corporation shall hereafter direct; and said shares shall be considered in all respects as personal estate.

Section 51 of c. 14, R. S., provides, that the assessors of any town or plantation, in assessing any taxes, may, at their election, assess improved lands to the tenants in possession of the same, or the owners thereof, whether residing in the State or not, and all real estate, or all such as is usually denominated real, but which is made personal by statute, may be taxed to the tenant in possession, or to the owner, whether living in the State or not. A similar provision ex-isted in the laws of 1838, c. 313.

The plaintiff, to show the illegality of the assessments in question, relies upon the decision of this Court in the case of the *Bangor and Penobscot R. R. Co.* v. *Harris,* 21 Maine, 533.

The charter of that corporation contains a provision similar in its terms to the section which has been cited from the charter of the plaintiff corporation.

The case referred to was decided without argument. The late C. J. WHITMAN, in giving the opinion of the Court in that case, remarks, "the property in the railroad being thus converted by statute into personal estate, was no longer subject to taxation, otherwise than as personal estate, unless the Legislature should think fit, by tax Act or otherwise, specifically to prescribe. And we are not aware that in 1840, when the tax in question was imposed, any such provision was in existence." The statute of 1838 undoubtedly escaped the observation of the Court.

The tax Act of 1845, c. 159, § 10, second branch, provides, that all machinery employed in any branch of manufacture, and all goods manufactured or unmanufactured, belonging to any corporation, and all real estate belonging to any corporation, shall be assessed to such corporation in the town or other place where such real estate or machinery and goods are situated or employed; and in assessing the stockholders for their shares in any such corporation, their proportional part of the value of such machinery, goods and real estate, shall be deducted from the value of such shares.

This statute not only required the real estate described to be assessed to the plaintiff corporation, but makes provision by which it shall not be twice taxed.

The taxes in this case appear to have been legally assessed.                                        *Plaintiff's nonsuit.*

SHEPLEY, C. J., and CUTTING, J., concurred.